Carol Lynn Finklehoffe, CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd., Suite 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BJORN, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | **AND DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, | |
| Defendant. | |

Plaintiff, MARLENE BJORN brings this action individually.  This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), for personal injuries sustained by Plaintiff MARLENE BJORN. Plaintiff, MARLENE BJORN seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

## Jurisdiction

1.     This action is an action under general maritime law and the laws of California, as applicable.

1

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

2.     The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.     This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.     Defendant PRINCESS, at all times material hereto, personally or through an agent:

a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.     Was engaged in substantial activity within this state;

c.     Operated vessels in the waters of this state;

d.     Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e.     The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

f.     The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## **The Parties**

5.     Plaintiff was and is a resident of Washington.

6.      At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

2

7.     At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

8.     At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9.     At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Caribbean Princess*.

10.    At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Diamond Princess*.

## General Allegations

11.    At all times material, the Plaintiff was a fare paying passenger and lawfully aboard the vessel *Diamond Princess*.

12.    On or about January 14, 2023, the Plaintiff was in her stateroom when she went to open the heavy mirrored closet door.  Plaintiff was using the closet door in a normal fashion as expected.

13.     Suddenly, and without warning the heavy mirrored closet door came off its hinges, falling onto the Plaintiff and striking her with such force Plaintiff was pushed into the closet trapping and trapped beneath the closet door.  The door was too heavy for Plaintiff to free herself and Plaintiff remained trapped until her husband lifted the door off of her.

14.    The dangerous and hazardous condition of the subject closet door was not open or obvious and there was nothing the Plaintiff could have done to have prevented her incident.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

15. These dangerous and hazardous condition were either created by the Defendant and its employees or had been in place for a sufficient period of time so that the Defendant knew or should have known about them through the exercise of reasonable care.

16. As a result of the negligence of Defendant, its vessel and/or crew, the Plaintiff suffered serious, permanent and debilitating injuries including injuries to her chest, shoulder, neck and hand.

## FIRST CAUSE OF ACTION
## GENERAL MARITIME NEGLIGENT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

17. At all times material, Defendant owed the Plaintiff a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger, including a duty to maintain and operate the vessel, *Diamond Princess*, in a reasonably safe condition and manner.

18. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

19. On or about January 14, 2023, the Defendant and/or its agents, servants, joint venturers and/or employees, breached its duty to warn through the following acts and/or omissions:

a. Failure to provide Plaintiff with reasonable care under the circumstances;

b. Failure to maintain and operate the area in a reasonably safe condition;

c. Failure to properly install and use reasonable safeguards to ensure closet doors were properly secured and could be used without dislodging;

d. Failure to properly inspect and maintain the closet and its doors;

e. Failure to have adequate policies and procedures in places for the

4

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

inspection and maintenance of closets and closet doors;

f.      Failure to properly train, supervise and monitor its crewmembers on the inspection and maintenance of closets and closet doors;

g.      Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant or which in the exercise of reasonable care should have been known by the Defendant;

h.      Utilizing improper and/or inadequate maintenance and/or inspection procedures pertaining to closets and closet doors to ensure they were properly secured and could be used without becoming dislodged or falling off;

i.      Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident were corrected, modified, and/or eliminated;

j.      Failure to warn the Plaintiff of the hazardous/dangerous condition created by the closet and closet doors;

k.      Failure to warn Plaintiff that Defendant did not properly remedy a hazardous/dangerous condition which Defendant knew or should have known about; and/or

l.      Those acts to be revealed in the course of discovery.

20.     At all material times, Defendant had exclusive custody and control of the above named vessel.

21.     At all material times, Defendant negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff of the dangerous and hazardous condition which resulted in her injuries.  Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel.  All of which caused the Plaintiff to be injured.

5

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

22.     Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

23.     As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injures and suffered physical handicap.. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in her favor and against the Defendants as follow:

1.     To enter judgment in favor of the Plaintiff against Defendant on all causes of action as alleged herein;

2.     To award compensatory damages in the amount to be ascertained at trial;

3.     To award costs of suit and attorney's fees, as permitted by law;

4.     For prejudgment interest according to proof; and

5.     To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: December 19, 2023.

6

Complaint and Demand for Jury Trial

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff MARLEN BJORN hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: December 19, 2023.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204